UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLAUNDERS, | CASE NO. CV 18-211-JLS (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITIONER'S UNEXHAUSTED CLAIMS SHOULD NOT BE DELETED |
| v. | |
| DEBORAH ASUNCION, WARDEN, | |
| Respondent. | |

On January 9, 2018, Petitioner, with the assistance of another prisoner, filed a Petition for Writ of Habeas Corpus, challenging his August 2015 sentence of 39 years to life from the Los Angeles County Superior Court on the ground that it constituted cruel and unusual punishment. (Petition at 5.) Because the Petition alleged that Petitioner suffers from a mental impairment and that he might have other colorable claims that his federal rights had been violated (Petition at 5.5, 8.5), on April 4, 2018, the Court granted his request for a stay and abeyance, pending his exhaustion of those additional claims in state court. The Court instructed Petitioner to file a habeas corpus petition in the superior court no later than May 4, 2018 and, thereafter, to file petitions in the California Court of Appeal and Supreme Court. Petitioner was warned that, if he failed to

adhere to the Court's schedule, he risked being permitted to proceed only on his single exhausted claim (that his sentence constituted cruel and unusual punishment). (Docket No. 14 at 2.)

On May 25, 2018, Petitioner submitted to this court a copy of the habeas corpus petition that he signed on May 20, 2018 and sent to the superior court. (Docket No. 17.) On May 30, 2018, the Court directed Petitioner to file a habeas corpus petition in the court of appeal within 30 days of the denial of his petition in the superior court, and to file a status report on the first day of each month. (Docket No. 16.) Petitioner did not file a status report in June or July 2018. On July 31, 2018, the Court issued an order, advising Petitioner that if he failed to submit status reports, his unexhausted claims would be deleted. (Docket No. 19.)

On August 24, 2018, Petitioner submitted a report, notifying the Court that the superior court had denied his habeas petition. (Docket No. 20.) On August 30, 2018, the Court instructed Petitioner to file a habeas petition raising his unexhausted claims in the California Supreme Court no later than October 1, 2018 and to submit a copy of that petition to this court. (Docket No. 21.)

On October 1, 2018, Petitioner filed a request for an extension of time to file his petition and asked the Court to send him a copy of his petition. (Docket No. 22.) On January 3, 2019, the Court sent a copy of the state habeas petition to Petitioner, instructing him to submit proof by March 1, 2019 that he had filed the petition in the California Supreme Court. (Docket No. 23.)

On February 22, 2019, Petitioner submitted a proof of service form, indicating that he had served his *federal* petition "on the parties herein," but without listing the party, or parties, whom he

had served.  (Docket No. 24.)  This does not constitute proof that he filed a habeas petition in the California Supreme Court, as the Court has repeatedly instructed him to do.

This case has been pending since January 2018.  Petitioner has failed to adhere to the Court's schedule regarding exhaustion of his additional claims.

IT IS THEREFORE ORDERED that, no later than **April 15, 2019,** Petitioner shall inform the Court in writing why his unexhausted claims should not be deleted and he be allowed to proceed only on his single exhausted claim.  Failure to timely file a response will result in a recommendation that the claims be deleted.

DATED: March 14, 2019

                    /s/ Patrick J. Walsh
                    PATRICK J. WALSH
                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\FLAUNDERS, J 211\OSC dismiss pet.wpd